UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:18-cv-444-KHJ-LGI

$99,980.00 UNITED STATES CURRENCY                                           DEFENDANT

ORDER

Before the Court is Claimant J. Jesus Encarnacion Flores Ojeda's Motion to Set Aside Default Judgment [31]. For the following reasons, the Court denies the motion.

I. Facts and Procedural History

The United States filed this forfeiture action *in rem* against $99,980.00 United States Currency seized from Claimant J. Jesus Encarnacion Flores Ojeda. Pl.'s Compl. [1] ¶¶ 1, 2. Gilberto Flores and Joseph M. Holloman represented Ojeda in this action. [31] at 1. Flores was admitted pro hac vice. *Id.*

In September 2020, the Court set a bench trial for the two-week trial calendar beginning August 2, 2021. *Id.* at 2. After the Court set the trial date, the United States was unable to communicate with Flores, emailing and calling Flores to no avail. Pl.'s Resp. [32] at 2. The United States communicated with Holloman, who was also unable to reach Flores. *Id.*

In December 2020, the Court ordered the United States to file a status report. *Id.* The United States responded, explaining its difficulty obtaining discovery

responses. *Id.* Subsequently, the Court extended the discovery and dispositive motion deadline. *Id.* In January 2021, the United States filed a Motion to Strike the Claim and Answer. [21]. Ojeda did not respond, so the Court extended the response deadline. [32] at 2. Yet again, Ojeda did not respond. *Id.* Then the Court issued an Order to Show Cause as to show why no response had been filed. *Id.* But Ojeda did not respond. *Id.*

On March 3, 2021, the Court granted the United State's Motion to Strike the Claim and Answer. [24]. Two days later, the Clerk filed an Entry of Default [27], and then the United States filed a Motion for Default Judgment [28], which the Court granted. *See* Order [29].

Ojeda now moves to set aside the default judgment under Federal Rule of Civil Procedure 60(b). [31].

II.   Standard

Federal Rule of Civil Procedure 55(c) states that the Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). As is pertinent here, Rule 60(b)(1) provides that the Court relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b).

Whether good cause exists turns on equitable principles, and the Court looks at three factors: "(1) whether the default was willful; (2) whether setting aside the default judgment would prejudice [the plaintiff]; and (3) whether [the defendant] presented a meritorious defense." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir.

2000); *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). This list is not exhaustive. Other factors the Court may consider include: "whether (1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). "The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (citation omitted).

III. Analysis

Ojeda asks the Court to set aside the default judgment due to "lack of notice, mistake, inadvertence, and excusable neglect." [31] at 2. He explains that, before September 2020 when the Court set the trial date, Flores regularly communicated with the United States. *Id.* Counsel for the United States would send a copy of everything filed in the case to Flores. *Id.* But when counsel for the United States withdrew, Ojeda claims Flores stopped receiving correspondence from the United States. *Id.* at 3. Thereafter, Flores did not receive notifications about the case because apparently his email was incorrectly inputted into PACER by his staff. *Id.* Flores did not realize the mistake until after default judgment. *Id.* at 2.

In December 2020, Flores viewed the Court's order, stating that trial was set for a two-week trial calendar beginning August 2, 2021. *Id.* at 3. Flores then prepared for August 2021's trial. *Id.* But Flores did not receive notice of the United State's Motion to Strike, Motion for Entry of Default, and Motion for Default, or the Court's Order to Show Cause and Order Granting Default or Final Judgment. *Id.*

3

Ojeda claims Flores was unaware of the motions and orders until March 24, 2021—the day the Court entered the default and final judgment. *See* [29 & 30]. But Ojeda did not file this Motion to Set Aside Default Judgment until March 24, 2022—exactly *a year* after the Court entered final judgment.

The Court finds that neglect by counsel is not enough to warrant setting aside a final judgment. A party has a duty of diligence to ask about the status of a case, and Rule 60(b) relief will be afforded only in "unique circumstances." *Pryor v. United States Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (citation omitted). That said, "gross negligence, ignorance of the rules, or ignorance of the law" are insufficient to afford Rule 60(b)(1) relief. *Id.* And mistakes by counsel are charged to the client, especially with post-judgment filings "because of the need that a clear, objective line of finality be drawn with reliable definiteness at some point in time." *Id.* at 288. The Fifth Circuit has explained that

> [w]ere this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.

*Id.*

Flores had a duty of diligence to stay up to date about the status of Ojeda's case. *See id.* at 287. Flores never inquired with the Court about the pending lawsuit, even though he knew that trial was set for the two-week term beginning August 2, 2021, and allegedly prepared for trial. *See* [31] at 3. Instead, Flores waited 15 months—from December 2020, when he viewed the Court's trial setting order, to March 2022, when Ojeda filed this motion—to check on and inquire with

4

the Court about this case. Flores had the opportunity and responsibility to stay well-informed about this lawsuit, but neglectfully failed to do so. Ojeda has given no reason, other than Flores' negligence, for his failure to respond to several of the motions and orders. *See United States v. Real Prop. Located at 165 Adelle St., Jackson, Miss.*, 850 F. Supp. 534, 538 (S.D. Miss. 1994) ("[I]f the failure of the party . . . is attributable solely to the negligence or carelessness of that party's attorney, then it would be abuse of discretion for the court to reopen the case. . . ."). The Court therefore declines to set aside the default judgment, and Ojeda's motion is denied.

IV. Conclusion

This Court has considered all arguments. Those the Court does not address in this Order would not have changed the outcome of its decision. For the reasons stated, this Court DENIES Claimant Ojeda's Motion to Set Aside Default Judgment [31].

SO ORDERED AND ADJUDGED this the 12th day of April, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE